1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6              FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8   GLEN A. BARTON and GLORIA L.        )
    BARTON, as trustees under           )    2:11-cv-003349-GEB-GGH
9   Declaration of Trust dated May      )
    12, 1989,                           )
10                                       )    ORDER
                   Plaintiffs,           )
11                                       )
              v.                         )
12                                       )
    DWIGHT MEDDOCK, individually and     )
13  doing business as METRO AUTO         )
    DISMANTLING; KAY MEDDOCK,            )
14  individually and doing business      )
    as METRO AUTO DISMANTLING;           )
15  MEDDOCK & SONS, INC., a              )
    California corporation; MICHAEL      )
16  LIM, an individual; DAVID CHINN,     )
    an individual; EN SAFE LLC doing     )
17  business as METRO AUTO               )
    DISMANTLING AND RECYCLING; and       )
18  DOES 1-10, inclusive,                )
                                         )
19                 Defendants.           )
    _____ )

20

21            Plaintiffs Glen A. Barton and Gloria L. Barton, as trustees

22  under the Declaration of Trust dated May 12, 1989, ("Plaintiffs") move

23  for an order remanding this case to the state court from which it was

24  removed, and for an award of attorneys' fees incurred as a result of

25  improper removal. Plaintiffs argue removal was improper since the

26  federal court lacks subject matter jurisdiction over their complaint.

27  Defendants Dwight Meddock, Kay Meddock, and Meddock & Sons, Inc. (the

28  "Meddock Defendants") oppose the remand motion.

                                    1

1      Plaintiffs' complaint alleges only state law claims for
2 damages caused by Defendants' alleged disposal of hazardous materials in
3 the ground beneath the real property Defendants leased from Plaintiffs;
4 specifically, Plaintiffs allege claims for nuisance, trespass, waste,
5 fraud, negligent misrepresentation, negligence, breach of contract, and
6 contractual indemnity and seek declaratory relief regarding the "rights
7 and obligations [of the parties] under the Lease Agreements." (Compl. ¶¶
8 16-86.) The Meddock Defendants removed this case from state court, based
9 on the argument in their notice of removal that "this Court has original
10 jurisdiction under 28 U.S.C. § 1331[,]" because this case "arises under
11 federal question jurisdiction pursuant to [the] Comprehensive
12 Environmental Response, Compensation, and Liability Act ('CERCLA'), 42
13 U.S.C. § 9601 *et seq*." (Defs.' Notice of Removal 1:18-22.)

14      "The removal statute is strictly construed against removal
15 jurisdiction. [Defendants] bear[] the burden of establishing that
16 removal is proper." <u>Provincial Gov't of Marinduque v. Placer Dome, Inc.</u>,
17 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted). "As a general
18 rule, [t]he presence or absence of federal-question jurisdiction is
19 governed by the 'well-pleaded complaint rule,' which provides that
20 federal jurisdiction exists only when a federal question is presented on
21 the face of [Plaintiffs'] properly pleaded complaint." <u>ARCO Envtl.</u>
22 <u>Remediation, LLC v. Dep't of Health & Envtl. Quality</u>, 213 F.3d 1108,
23 1113 (9th Cir. 2000) (internal quotation marks and citation omitted).
24 "However, under the artful pleading rule[,] . . . [a] state-created
25 cause of action can be deemed to arise under federal law . . . where the
26 claim is necessarily federal in character." <u>Id.</u> at 114. State law claims
27 "are necessarily federal claims under [CERCLA] only if they constitute
28 a challenge to a CERCLA cleanup." <u>Id.</u> at 1115.

1          The Meddock Defendants argue in their notice of removal that
2  Plaintiffs' state law claims "constitute a 'challenge to a CERCLA
3  cleanup[,]' [because] the allegations relate to the goals of the
4  cleanup." (Defs.' Notice of Removal 4:18-20 (quoting ARCO Envtl.
5  Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108,
6  1115 (9th Cir. 2000)).) Plaintiffs argue in their remand motion that "no
7  CERCLA cleanup is being conducted at the site and [P]laintiff[s] [have]
8  no obligation to include a CERCLA claim." (Pls.' Mot. to Remand 1:27-
9  28.)

10          "CERCLA provides two categories of enforcement mechanisms, one
11  public, by permitting the federal government to respond to hazardous
12  waste disposal, see 42 U.S.C. §§ 9604-05, 9611-12, and the other
13  private, see 42 U.S.C. § 9607." Gray v. Murphy Oil USA, Inc., 874 F.
14  Supp. 748, 752 (S.D. Miss. 1994). Here, the Meddock Defendants have not
15  demonstrated that this case involves a "CERCLA cleanup" under CERCLA's
16  private enforcement statute, since CERCLA claims do not appear on the
17  face of Plaintiffs' complaint. The Meddock Defendants also fail to
18  demonstrate that this case involves a "CERCLA cleanup" under the public
19  enforcement statutory provisions. The only evidence the Meddock
20  Defendants present in support of their argument that the United States
21  Environmental Protection Agency ("EPA") "ha[s] . . . been involved with
22  the investigation and clean up regarding the Property[,]" Opp'n 9:9-11,
23  is a "Yolo County Environmental Health Complaint Investigation Form,"
24  which states that a private citizen filed a complaint with the EPA, who
25  forwarded the complaint to Yolo County. (Caufield Decl. Ex. 3.) However,
26  the Meddock Defendants have not shown that the EPA's act of forwarding
27  a private citizen's complaint to a county agency for follow-up
28  constitutes the EPA's exercise of authority under CERCLA.  Since it has

3

1  not been shown that Plaintiffs' state law "claims are necessarily
2  federal claims under [CERCLA]," ARCO, 213 F.3d at 1115, this Court lacks
3  subject matter jurisdiction and therefore, Plaintiffs' remand motion is
4  granted.

5          Plaintiffs also seek attorney's fees under 28 U.S.C. § 1447(c)
6  since "[the Meddock Defendants] had no reasonable basis . . . to remove
7  the case . . . [and] appear to have done so simply to delay the
8  litigation and their obligation to produce documents in the state court
9  action." (Pls.' Mot. to Remand 6:5-12; Brandt Decl. ¶ 4.) "Absent
10 unusual circumstances, courts may award attorney's fees under § 1447(c)
11 only where the removing party lacked an objectively reasonable basis for
12 seeking removal." Gardner v. UICI, 508 F.3d 559, 561 (9th Cir. 2007)
13 (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)).

14         However, "[w]hen a party seeks an award of attorneys' fees,
15 that party bears the burden of submitting evidence of the hours worked
16 and the rate paid. In addition, that party has the burden to prove that
17 the rate charged is in line with the prevailing market rate of the
18 relevant community." Carson v. Billings Police Dep't, 470 F.3d 889, 891
19 (9th Cir. 2006); see Bouman v. Block, 940 F.2d 1211, 1235 (9th Cir.
20 1991) ("[A] declaration[] stating that the rate [charged to the client]
21 [i]s the prevailing market rate in the relevant community . . . is
22 sufficient to establish the appropriate rate for lodestar purposes.").
23 Here, Plaintiffs' attorney provided a declaration declaring the number
24 of hours he spent on the motion to remand and his hourly rate, but he
25 did not provide evidence of "the prevailing market rate of the relevant
26 community." Id. Since Plaintiffs have failed to show the reasonableness
27 of the fee requested, Plaintiffs' request for attorneys' fees is denied.
28

4

1      For the stated reasons, this case is remanded to the Superior

2 Court of California in the County of Yolo from which it was removed.

3 Dated:  February 3, 2012

4

5      _____
       GARLAND E. BURRELL, JR.
6      United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28