IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GLEN A. BARTON and GLORIA L. BARTON, as trustees under Declaration of Trust dated May 12, 1989, | ) ) ) ) | 2:11-cv-003349-GEB-GGH |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| DWIGHT MEDDOCK, individually and doing business as METRO AUTO DISMANTLING; KAY MEDDOCK, individually and doing business as METRO AUTO DISMANTLING; MEDDOCK & SONS, INC., a California corporation; MICHAEL LIM, an individual; DAVID CHINN, an individual; EN SAFE LLC doing business as METRO AUTO DISMANTLING AND RECYCLING; and DOES 1-10, inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Plaintiffs Glen A. Barton and Gloria L. Barton, as trustees under the Declaration of Trust dated May 12, 1989, ("Plaintiffs") move for an order remanding this case to the state court from which it was removed, and for an award of attorneys' fees incurred as a result of improper removal. Plaintiffs argue removal was improper since the federal court lacks subject matter jurisdiction over their complaint. Defendants Dwight Meddock, Kay Meddock, and Meddock & Sons, Inc. (the "Meddock Defendants") oppose the remand motion.

1

1    Plaintiffs' complaint alleges only state law claims for
2    damages caused by Defendants' alleged disposal of hazardous materials in
3    the ground beneath the real property Defendants leased from Plaintiffs;
4    specifically, Plaintiffs allege claims for nuisance, trespass, waste,
5    fraud, negligent misrepresentation, negligence, breach of contract, and
6    contractual indemnity and seek declaratory relief regarding the "rights
7    and obligations [of the parties] under the Lease Agreements." (Compl. ¶¶
8    16-86.) The Meddock Defendants removed this case from state court, based
9    on the argument in their notice of removal that "this Court has original
10   jurisdiction under 28 U.S.C. § 1331[,]" because this case "arises under
11   federal question jurisdiction pursuant to [the] Comprehensive
12   Environmental Response, Compensation, and Liability Act ('CERCLA'), 42
13   U.S.C. § 9601 *et seq.*" (Defs.' Notice of Removal 1:18-22.)

14   "The removal statute is strictly construed against removal
15   jurisdiction. [Defendants] bear[] the burden of establishing that
16   removal is proper." <u>Provincial Gov't of Marinduque v. Placer Dome, Inc.</u>,
17   582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted). "As a general
18   rule, [t]he presence or absence of federal-question jurisdiction is
19   governed by the 'well-pleaded complaint rule,' which provides that
20   federal jurisdiction exists only when a federal question is presented on
21   the face of [Plaintiffs'] properly pleaded complaint." <u>ARCO Envtl.</u>
22   <u>Remediation, LLC v. Dep't of Health & Envtl. Quality</u>, 213 F.3d 1108,
23   1113 (9th Cir. 2000) (internal quotation marks and citation omitted).
24   "However, under the artful pleading rule[,] . . . [a] state-created
25   cause of action can be deemed to arise under federal law . . . where the
26   claim is necessarily federal in character." <u>Id.</u> at 114. State law claims
27   "are necessarily federal claims under [CERCLA] only if they constitute
28   a challenge to a CERCLA cleanup." <u>Id.</u> at 1115.

1    The Meddock Defendants argue in their notice of removal that
2    Plaintiffs' state law claims "constitute a 'challenge to a CERCLA
3    cleanup[,]' [because] the allegations relate to the goals of the
4    cleanup." (Defs.' Notice of Removal 4:18-20 (quoting ARCO Envtl.
5    Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108,
6    1115 (9th Cir. 2000)).) Plaintiffs argue in their remand motion that "no
7    CERCLA cleanup is being conducted at the site and [P]laintiff[s] [have]
8    no obligation to include a CERCLA claim." (Pls.' Mot. to Remand 1:27-
9    28.)

10    "CERCLA provides two categories of enforcement mechanisms, one
11    public, by permitting the federal government to respond to hazardous
12    waste disposal, see 42 U.S.C. §§ 9604-05, 9611-12, and the other
13    private, see 42 U.S.C. § 9607." Gray v. Murphy Oil USA, Inc., 874 F.
14    Supp. 748, 752 (S.D. Miss. 1994). Here, the Meddock Defendants have not
15    demonstrated that this case involves a "CERCLA cleanup" under CERCLA's
16    private enforcement statute, since CERCLA claims do not appear on the
17    face of Plaintiffs' complaint. The Meddock Defendants also fail to
18    demonstrate that this case involves a "CERCLA cleanup" under the public
19    enforcement statutory provisions. The only evidence the Meddock
20    Defendants present in support of their argument that the United States
21    Environmental Protection Agency ("EPA") "ha[s] . . . been involved with
22    the investigation and clean up regarding the Property[,]" Opp'n 9:9-11,
23    is a "Yolo County Environmental Health Complaint Investigation Form,"
24    which states that a private citizen filed a complaint with the EPA, who
25    forwarded the complaint to Yolo County. (Caufield Decl. Ex. 3.) However,
26    the Meddock Defendants have not shown that the EPA's act of forwarding
27    a private citizen's complaint to a county agency for follow-up
28    constitutes the EPA's exercise of authority under CERCLA. Since it has

not been shown that Plaintiffs' state law "claims are necessarily federal claims under [CERCLA]," <u>ARCO</u>, 213 F.3d at 1115, this Court lacks subject matter jurisdiction and therefore, Plaintiffs' remand motion is granted.

Plaintiffs also seek attorney's fees under 28 U.S.C. § 1447(c) since "[the Meddock Defendants] had no reasonable basis . . . to remove the case . . . [and] appear to have done so simply to delay the litigation and their obligation to produce documents in the state court action." (Pls.' Mot. to Remand 6:5-12; Brandt Decl. ¶ 4.) "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." <u>Gardner v. UICI</u>, 508 F.3d 559, 561 (9th Cir. 2007) (quoting <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005)).

However, "[w]hen a party seeks an award of attorneys' fees, that party bears the burden of submitting evidence of the hours worked and the rate paid. In addition, that party has the burden to prove that the rate charged is in line with the prevailing market rate of the relevant community." <u>Carson v. Billings Police Dep't</u>, 470 F.3d 889, 891 (9th Cir. 2006); <u>see</u> <u>Bouman v. Block</u>, 940 F.2d 1211, 1235 (9th Cir. 1991) ("[A] declaration[] stating that the rate [charged to the client] [i]s the prevailing market rate in the relevant community . . . is sufficient to establish the appropriate rate for lodestar purposes."). Here, Plaintiffs' attorney provided a declaration declaring the number of hours he spent on the motion to remand and his hourly rate, but he did not provide evidence of "the prevailing market rate of the relevant community." <u>Id.</u> Since Plaintiffs have failed to show the reasonableness of the fee requested, Plaintiffs' request for attorneys' fees is denied.

1        For the stated reasons, this case is remanded to the Superior

2   Court of California in the County of Yolo from which it was removed.

3   Dated:  February 3, 2012

4

5                              _____
                               GARLAND E. BURRELL, JR.
6                              United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28